# WILSON v. ELLIS.

PATENTS; INTERFERENCE; CONSTRUCTION OF ISSUES; DISTINCTIVENESS.

1. High nitration nitrocellulose specified as an element in an application for a patent for a paint and varnish remover will not be held to embrace collodion, which is specified as an element in an earlier application of another party, so as to entitle him to an award upon counts in interference drawn upon the first-mentioned application, although the word "high" is relative, and collodion may under some conditions be brought within the term in which that word is used,—where such application, having first specified the term, and being therefore of great weight in its construction, states that the solubility of nitrocelluloses depends upon the nitration to which they have been subjected, high nitration giving difficulty soluble bodies and *vice versa;* and that when à varnish remover is to consist principally of a single alcohol or the mixture of the alcohols which are comparatively good solvents for the lower nitro compounds, it is desirable to use the slightly soluble nitration products so as produce the requisite viscosity with a relatively small amount of the nitro body; and that with the lesser solvents the more soluble lower nitrates of cellulose are more suitable.

2. The equivalence of an alcoholic solvent specified in counts, as to which one party is the senior applicant, in an interference involving a paint and varnish remover, to a ketonic solvent, as an element of a composition covered by those counts, will not prevent an award in favor of the other party upon counts as to which he is the senior party, and which substitute high nitration nitrocellulose which is soluble in ketone but insoluble in alcohol, for soluble nitrocellulose or cellulose radical, specified as the soluble body in the first-mentioned counts.

No. 916. Patent Appeals. Submitted November 10, 1914. Decided December 7, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The facts are stated in the opinion.

*Messrs. Merwin & Swenarton* for the appellants.

*Mr. Harry L. Duncan, Mr. Alexander S. Steuart,* and *Mr. John H. Hilliard* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding. The issue originally contained six counts. Counts 1, 2, 3, and 6 were awarded to John M. Wilson and Charles M. Forrest, appellants, from which decision no appeal was taken. From the decision awarding counts 4 and 5 to Carleton Ellis, appellee, this appeal was taken.

The invention in issue relates to paint and varnish removers, and is defined by the counts involved in this appeal, as follows:

"4. The substantially fluent neutral finish remover comprising loosening finish solvent material including an alcohol and ketonic solvent material, miscible hydrocarbon finish solvent material, and incorporated film-forming colloidal stiffening material, including wax and high nitration nitrocellulose.

"5. The fluent finish remover comprising loosening finish solvent material including ketonic solvent material, incorporated hydrocarbon finish solvent material and film-forming colloidal stiffening material including high nitration nitrocellulose."

No testimony is before us, the parties relying upon their respective filing dates. Two applications of appellants are involved in this interference. The one as to counts 1, 2, 3, and 6 was filed July 13, 1906, and the other as to counts 4 and 5 was filed December 20, 1906. Appellee's application was filed October 30, 1906. Hence, it will be observed that appellee is the junior party as to the counts awarded appellants, but is the senior party as to the counts forming the subject-matter of this appeal.

Counts 4 and 5 differ from those awarded appellants in that they specify a ketonic solvent material, instead of an alcohol

solvent, and "high nitration nitrocellulose," instead of "soluble nitrocellulose" or "cellulose radical." The primary examiner allowed these claims on the grounds that the two limitations constituted a patentable distinction over the others. The board of Examiners in Chief, affirming this holding, applied the following rule which generally governs in this class of cases: "Counts 4 and 5 specifically call for a ketonic solvent, a limitation which we must assume they would not contain unless it were considered material to the invention sought to be defined. There is a rule which has been long established and many times confirmed, that all limitations appearing in the counts of an interference will in interference proceedings in the Patent Office be regarded as material to the invention covered by such counts. This rule is the only practicable one which the Office can adopt. In its nature it is consistent with the principle which underlies the drawing and construction of claims as generally followed. Its application in practice is seldom found to result in injustice."

It is contended by counsel for appellants that collodion, which was described as an element of the composition covered by their earlier application, belongs to the class of high nitration nitrocelluloses. While it is true that the term "high" is relative, and that collodion might under some conditions be brought within the term used in the counts, yet these claims, having originated in appellee's application, should be construed in the light thereof, especially as this is essential to their validity. Appellee, in his application, defines this term as follows: "The latter are found on the market in various degrees of nitration and, as is well known, possess the property of dissolving in many organic solvents to form solutions ordinarily characterized by their viscosity. The solubility depends, however, on the degree of nitration to which the cellulose base has been subjected. High nitration gives difficultly soluble bodies, while certain lower stages of nitration result in nitro bodies which are relatively quite soluble and to which the name 'soluble cotton' has been given. If the varnish solvent is to consist largely or wholly of a single alcohol or mixtures of the alcohols,

most of which are comparatively good solvents for the lower nitro compounds, the 'soluble cottons,' I prefer to employ the slightly soluble high nitration products, such as the hexanitrate; for with this material the requisite viscosity is obtained with the use of only a small amount, relatively speaking, of the nitro body. With other solvents or composite solvents, such, for instance, as mixtures of alcohols and benzol or similar hydrocarbons, the more soluble lower nitrates of cellulose are more suitable." All of the tribunals below held that the term "high nitration nitrocellulose" did not include the collodion used by appellants. We see no reason to disturb their findings.

It is next contended by counsel for appellants that the "ketonic solvent" of the counts is but an equivalent of the alcoholic solvent described in their earlier application. It is undoubtedly true that in the composition embraced in the counts of the interference not before us for consideration the one is the equivalent of the other. But the counts which form the basis of this appeal specify high nitration nitrocellulose, which appellee contends is soluble in ketone, but insoluble in alcohol. This contention was sustained by all of the experts of the Patent Office, and with them we agree.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                    *Affirmed.*